**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4527**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ALLEN JAMAL HUBBARD,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:17-cr-00051-CCE-1)

Submitted: February 15, 2018           Decided: February 16, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C, Allen, Federal Public Defender, Tiffany T. Jefferson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Jamal Hubbard pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Hubbard to 96 months' imprisonment, a term in the middle of the 84- to 105-month advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Hubbard's sentence is greater than necessary to accomplish the sentencing goals enumerated in 18 U.S.C. § 3553(a) (2012). Although advised of his right to do so, Hubbard has not filed a pro se supplemental brief. The Government declined to file a brief. After a thorough review of the record, we affirm.

We review Hubbard's sentence for procedural and substantive reasonableness, applying "a deferential abuse-of-discretion standard." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 208 (2017). First, we "ensure that the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we must also consider the substantive reasonableness of Hubbard's sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v.*

2

*Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (internal quotation marks omitted). A sentence must be "sufficient, but not greater than necessary," to accomplish the § 3553(a) sentencing goals. "Any sentence that is within . . . a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the court correctly calculated Hubbard's advisory Guidelines range, heard argument from counsel, provided Hubbard an opportunity to allocute, and considered the § 3553(a) sentencing factors. Because Hubbard has not demonstrated that his sentence "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *Louthian*, 756 F.3d at 306. We conclude that Hubbard's sentence is both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Hubbard, in writing, of the right to petition the Supreme Court of the United States for further review. If Hubbard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hubbard. We dispense with

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*